Tom RALLIS, et al., Plaintiffs,

v.

HOLIDAY INNS, INC., et al.,
Defendants.

No. 85 C 1001.

United States District Court,
N.D. Illinois, E.D.

Sept. 5, 1985.

---

**64**

## MEMORANDUM OPINION
## AND ORDER

ROVNER, District Judge.

Presently pending before this Court is the motion of certain defendants to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Moving defendants, Jupiter M & W Corp., Wolf Point Hotel Corp., and Management Group, Inc., are alleged to be "Owners" of a share of a hotel/restaurant commonly known as Holiday Inn Mart Plaza located in Chicago.

Moving defendants contend first that Counts I and II of the complaint must be dismissed because plaintiffs do not allege that the moving defendants are "employers" as required to state a claim for a violation of Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), et seq. Plaintiffs respond by agreeing that they "did not utilize the magic word 'employer' to describe the relationship of [moving defendants] to plaintiff class," but that, in essence, sufficient allegations exist in the complaint from which the Court may infer that the moving defendants are in fact "employers" or parties to the collective bargaining agreement. After an examination of the complaint, this Court is not persuaded that such an inference may be drawn. Moreover, if plaintiffs can allege in good faith consistent with their obligations under Rule 11 that the moving defendants are "employers" or parties to the collective bargaining agreement so that they may be liable under Section 301(a) of the LMRA, or that they are liable as such for the acts of their agents under Section 301(b), they should do so plainly and explicitly so that there is no room for doubt or argument.

Similarly, moving defendants contend that Counts II and III of the complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., should also be dismissed because plaintiffs never allege that any moving defendant is an employer as defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d). For the same reasons stated above as to the allegations under the LMRA, this Court agrees. Either the defendant owners are "employers" or they are not, regardless of whether they operated through their agents. If they are "employers" within the meaning of the FLSA, an allegation to that effect should be explicitly stated in the complaint. Accordingly, Counts I, II, and III of the complaint are dismissed against the moving defendants, but plaintiffs are granted leave to file an amended complaint within 30 days from the date of this opinion if they can do so consistent with this opin-

ion and consistent with the good faith obligations of Rule 11.

Because the complaint must be amended in any event, this Court will also require that the plaintiffs must plead their allegations of fraud with greater particularity than now appears in the complaint pursuant to Fed.R.Civ.P. 9(b). Although it is not necessary that plaintiffs identify each and every fraudulent act that allegedly occurred repeatedly over the course of an eight year period, the plaintiffs should provide some specific examples by identifying the dates and times, the individuals involved, and the circumstances constituting the alleged fraud. This Court will not allow this lawsuit to be turned into a fishing expedition by which discovery will flush out the details of the complaint. If plaintiffs have such details now, they should be set forth explicitly. If not, plaintiffs have not met their Rule 11 obligations to ascertain that a basis exists in fact for pleading fraud.

Moving defendants also contend that plaintiffs' claims for alleged breaches of the collective bargaining agreement should be dismissed because plaintiffs do not allege sufficiently that they exhausted their contractual remedies. Plaintiffs' complaint alleges that their grievances were ignored after they had filed more than 20 oral and written grievances over an eight year period of time. These allegations suggest that exhaustion of contractual remedies would indeed have been futile, as plaintiffs allege, but plaintiffs do not allege exhaustion of whatever intra-union remedies might have been available for Local 1's alleged wrongful failure to act on the grievances. Plaintiffs' conclusory allegation that even resort to intra-union remedies would have been futile is insufficient to meet the necessity of a "clear and positive" showing of futility before the exhaustion requirement can be excused. Thus, plaintiffs will be required to allege futility of exhaustion with greater particularity if they submit an amended complaint.

Finally, moving defendants argue that punitive damages are not available under either the LMRA or the FLSA, and thus Count III seeking a judgment in the amount of $10,000,000 in punitive damages must be dismissed. Plaintiffs do not respond to the moving defendants' argument that punitive damages are not available under the FLSA, and thus to the extent that such damages are requested under the FLSA, Count III is dismissed. As far as the LMRA is concerned, although some courts have permitted the award of punitive damages under the LMRA, see e.g., *Sidney Wanzer & Sons v. Milk Drivers Union, Local 753, International Brotherhood of Teamsters*, 249 F.Supp. 664 (N.D. Ill.1966), those cases were handed down well before the Supreme Court's holding in *Electrical Workers v. Foust*, 442 U.S. 42, 52, 99 S.Ct. 2121, 2127, 60 L.Ed.2d 698 (1979) that punitive damages could not be awarded against a union in a duty of fair representation suit. In so far as the moving defendants are concerned, this case is purportedly a suit against the employer, not against the union, and the union has not moved to dismiss Count III. Because neither party has adequately briefed the issue of whether punitive damages are currently available under the LMRA in a suit against the employer, and because the complaint must be amended in any event, this Court declines to reach the issue at this time.

Accordingly, the moving defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is granted, but plaintiffs are granted leave to file an amended complaint within 30 days consistent with this opinion if they can do so in good faith under Fed.R.Civ.P. 11. It is so ordered.